UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                                  Chapter 11
Patsy Fierro,                                Case No. 1-14-41439-nhl

                      Debtor.
----------------------------------------------------------X
J.C. Ryan EBCO/H&G LLC, *on behalf of itself and all
other subcontractors similarly situated*

                      Plaintiff,
                                      Adv. Pro. No. 1-14-01068-nhl
v.

Cyber-Struct Inc.,
Louis Zuccaro, *aka* Lou Zuccaro, *aka* Louie Zuccaro,
Patrick Fierro, *aka* Patsy Fierro, *aka* Pat Fierro,
Damon Coromilas,

                      Defendants.
----------------------------------------------------------X
In re:

                                                  Chapter 11
Luigi Zucaro, *aka* Louis Zucaro           Case No. 1-14-41440-nhl

                      Debtor.
----------------------------------------------------------X
J.C. Ryan EBCO/H&G LLC, *on behalf of itself and all
other subcontractors similarly situated*

                      Plaintiff,
                                      Adv. Pro. No. 1-14-01087-nhl
v.

Cyber-Struct Inc.,
Louis Zuccaro, *aka* Lou Zuccaro, *aka* Louie Zuccaro,
Patrick Fierro, *aka* Patsy Fierro, *aka* Pat Fierro,
Damon Coromilas,

                      Defendants.
----------------------------------------------------------X

## DECISION ON J.C. RYAN EBCO/H&G LLC'S MOTION: (A) TO REMAND AND GRANT RELIEF FROM THE AUTOMATIC STAY OR (B) TO ABSTAIN

1

Douglas J. Pick                                      Scott A. Mandelup
Pick & Zabicki LLP                                   Pryor & Mandelup, LLP
369 Lexington Ave., 12th Fl.                         675 Old Country Rd.
New York, NY 10017                                   Westbury, NY 11590
*Attorney for the Debtors/Defendants*               *Attorney for JC Ryan EBCO/H&G, LLC*

Jay H. Berg                                          Richard L. Yellen
Cornicello Tendler & Baumel-Cornicello               Richard L. Yellen & Associates, LLP
Two Wall St., 20th Fl.                               111 Broadway, Suite 1103
New York, NY 10005                                   New York, NY 10006
*Attorney for the Debtors/Defendants*               *Attorney for JC Ryan EBCO/H&G, LLC*


**NANCY HERSHEY LORD**
**UNITED STATES BANKRUPTCY JUDGE**


The issues of remand and abstention presented to the Court arise out of a long history of state court litigation between the debtors, Patsy Fierro and Luigi Zucaro (together the "Debtors" and individually "Fierro" and "Zucaro" respectively), and creditor J.C. Ryan EBCO/H&G, LLC ("Ryan").  Ryan, as lead plaintiff in a class action lawsuit, sought damages against the Debtors for failure to pay subcontractors on a construction project.  The state court found the Debtors liable and entered a judgment against them.  The Debtors twice moved to vacate the state court judgment; the second motion was pending at the time the Debtors filed for chapter 11 bankruptcy relief.  The Debtors removed the state court proceeding to this Court.

Ryan opposes the removal and moves for remand of the proceeding to state court and relief from the automatic stay to continue the action in that forum.  Alternatively, Ryan requests that this Court abstain under the doctrines of mandatory or permissive abstention.  For the reasons more fully set forth below, the Court permissively abstains from the proceeding and remands.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1), and the

Eastern District of New York standing order of reference dated August 28, 1986, as amended by

order dated December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

The following are the Court's findings of fact and conclusions of law to the extent required by

Rule 52 of the Federal Rules of Civil Procedure, as made applicable by Rule 7052 of the Federal

Rules of Bankruptcy Procedure.


## BACKGROUND

On May 19, 2003, Ryan commenced a class action lawsuit (the "State Court Action") in

New York State Supreme Court (the "State Court") against Fierro, Zuccaro, and Cyber-Struct,

Inc. ("Cyber-Struct"),[1] an entity owned by the Debtors.  The action alleged that Cyber-Struct, the

general contractor, did not fully compensate thirteen subcontractors for their work on a

construction project.  The action sought remuneration under Article 3-A of New York Lien Law,

which allegedly created a statutory trust for the plaintiffs' benefit.  The Debtors and Cyber-Struct

filed an answer, through counsel, in June of 2003.  In December of 2005, the State Court granted

the Debtors' attorney permission to withdraw as counsel.  Nearly five years after the complaint

was filed, the State Court granted Ryan's unopposed motion for summary judgment, and on May

12, 2008, entered a $619,289.92 judgment (the "Judgment") against the Debtors and Cyber-

Struct.

In February of 2013, after Ryan sought to enforce the Judgment, the Debtors and Cyber-

Struct moved to vacate (the "First Motion to Vacate").  CPLR 5015 enumerates five grounds for

---

[1] A fourth defendant, Damon Coromilas, is no longer involved in the action, either in this Court or in the State
Court.

vacating a state court judgment.[2]   While the First Motion to Vacate did not specify a particular

basis for relief, the Debtors seemingly relied on excusable default.  The Debtors claimed that

their default was due to a lack of notice.  The Debtors argued that Ryan served the motion for

summary judgment on an old address for Cyberstruct and did not take sufficient steps to serve it

at its new address.  Also, the Debtors had not obtained replacement counsel who might have

received service and notified them of the motion.

The State Court denied the Debtors' First Motion to Vacate, and also denied the Debtors'

subsequent motion to reargue and renew.  The Debtors, along with Cyber-Struct, appealed the

denial of the First Motion to Vacate to the Appellate Division, which appeal is still pending.

On March 26, 2014, the Debtors and Cyber-Struct filed a second motion to vacate the

State Court's summary judgment order and to vacate the Judgment itself, or alternatively to

correct the order and reduce the amount to which Ryan was entitled (the "Second Motion to

Vacate").  The Second Motion to Vacate, under CPLR 5015(a)(2) and (3), accuses Ryan and its

counsel Richard L. Yellin & Associates, LLP ("Yellin") of fraud on the court.  According to the

Debtors, Ryan paid off various subcontractors in exchange for assignment of their claims against

the Debtors, but continued to represent to the State Court and to the Debtors that all of the

subcontractors were still owed money and were participating in the class action.  The Debtors

further allege that Yellin knowingly and improperly included pre-decision interest in the

---

[2]        On motion. The court which rendered a judgment or order may relieve a party from it upon such
terms as may be just, on motion of any interested person with such notice as the court may direct,
upon the ground of: 1. excusable default, if such motion is made within one year after service of a
copy of the judgment or order with written notice of its entry upon the moving party, or, if the
moving party has entered the judgment or order, within one year after such entry; or 2. newly-
discovered evidence which, if introduced at the trial, would probably have produced a different
result and which could not have been discovered in time to move for a new trial under section
4404; or 3. fraud, misrepresentation, or other misconduct of an adverse party; or 4. lack of
jurisdiction to render the judgment or order; or 5. reversal, modification or vacatur of a prior
judgment or order upon which it is based.

CPLR 5015(a).

Judgment, and also included legal fees without submitting evidence to support the amounts. The

Second Motion to Vacate argues that the Debtors had just learned of these facts, such that they

could not have been raised in the First Motion to Vacate.

The day after filing the Second Motion to Vacate, on March 27, 2014, the Debtors each

filed a chapter 11 bankruptcy petition. The Debtors then removed the State Court Action to this

Court. On July 22, 2014, Ryan filed the instant motion arguing, *inter alia*, that the Debtors failed

to carry their burden of demonstrating that removal was proper and that the Court should remand

the action.[3] The Court agrees that the action should proceed in the State Court. Because the

Court determines that it will permissively abstain and remand to the State Court, it need not

address Ryan's alternate grounds for its requested relief.

<u>PERMISSIVE ABSTENTION PURSUANT TO 28 U.S.C. § 1334(c)</u>

Permissive abstention is the doctrine that:

nothing in this section prevents a district court in the interest of justice, or in the
interest of comity with State courts or respect for State law, from abstaining from
hearing a particular proceeding arising under title 11 or arising in or related to a
case under title 11.

28 U.S.C. § 1334(c)(1). A court may grant permissive abstention in a core or non-core

proceeding. *In re Taub*, 417 B.R. 186, 191 (Bankr. E.D.N.Y. 2009). In deciding whether to

apply permissive abstention, a bankruptcy court considers:

(1) the effect or lack thereof on the efficient administration of the estate if a Court
recommends abstention, (2) the extent to which state law issues predominate over
bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law,
(4) the presence of a related proceeding commenced in state court or other
nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §

---

[3] By order entered on December 31, 2014, the Court assigned this matter to mediation. The mediation did not result
in a settlement of any of the matters, and a Mediator's Report was filed on March 5, 2015. While mediation was
ongoing, discovery was stayed and the Court did not proceed with any of the pending matters in the adversary
proceedings or in the main cases.

1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re International Tobacco Partners, Ltd.*, 462 B.R. 378, 392 (Bankr. E.D.N.Y. 2011); *In re Horowitz*, No. 09-75567, 2010 WL 814103, at *4 (Bankr. E.D.N.Y. Mar. 1, 2010); *In re Cole*, 382 B.R. 20, 29 (Bankr. E.D.N.Y. 2008); *In re Worldcom Inc. Sec. Litig.*, 293 B.R. 308, 332 (Bankr. S.D.N.Y. 2003). Although these are the factors that are generally considered, a court may utilize any number of factors to determine whether it should abstain. *See e.g., Barbaro v. Wider (In re Wider)*, No. 09-72992, 2009 WL 4345411, at *2 (Bankr. E.D.N.Y. Nov. 30, 2009) ("bankruptcy courts have considered one or more—although not necessarily all—of twelve factors"); *In re Exeter Holding, Ltd.*, No. 11–77954, 2013 WL 1084548, at *4 (Bankr. E.D.N.Y. Mar 14, 2013) (finding that permissive abstention is warranted where seven of the twelve factors are present); *In re Cody, Inc.*, 281 B.R. 182, 190 (S.D.N.Y. 2002) (courts "have considered one or more (not necessarily all) of twelve factors"). Ultimately, the decision of whether to permissively abstain is within the bankruptcy court's sound discretion. *In re Abir*, No. 09 CV 2871, 2010 WL 1169929, *7 (Bankr. E.D.N.Y. Mar. 22, 2010).

Here, the balance of the factors weighs in favor of permissive abstention. A related proceeding is already commenced and ongoing in the State Court. The State Court is more familiar with this case, as it has been litigated in that court for over twelve years. Abstention furthers the efficient administration of the bankruptcy estate because the State Court can likely adjudicate the issues more quickly than this Court. Issues of state law, including the underlying causes of action and the standard for vacating a New York judgment, predominate over

bankruptcy issues. Finally, the Court notes that the timing of the Second Motion to Vacate, filed

only one day prior to the petition dates, raises the specter of forum shopping, especially in light

of the Debtors' unsuccessful First Motion to Vacate. Notwithstanding the Debtors' preference to

be before this Court, a history of unfavorable State Court decisions does not justify this Court's

intervention into the matter when the balance of factors point to the State Court as the

appropriate forum. After considering all of the permissive abstention factors, together with the

overriding concerns of judicial economy and fairness, this Court believes that permissive

abstention is warranted.

## REMAND PURSUANT TO 28 U.S.C. § 1452(b)

The Debtor removed the actions to this Court pursuant to 28 U.S.C. § 1452(a), which

provides that:

> A party may remove any claim or cause of action in a civil action … to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a); *see also* Fed. R. Bankr. P. 9027. Ryan seeks remand pursuant to 28 U.S.C.

§ 1452(b), which provides that "[t]he court to which such claim or cause of action is removed

may remand such claim or cause of action on any equitable ground."

A court's decision to "remand is both permissible and advisable where a removed action

was pending in state court prepetition and where the federal court has determined to abstain." *In*

*re Exeter Holding, Ltd.*, No. 11-77954, 2013 WL 1084548, at *7 (Bankr. E.D.N.Y. Mar. 14,

2013) (*citing Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 582 (2d Cir. 2011);

*BGC Partners, Inc. v. G & E Acquisition Co., LLC*, 12 Civ. 6680, 2013 WL 238163, at *6-7

(S.D.N.Y. Jan. 18, 2013); *In re New 118th LLC*, 396 B.R. 885, 892-93 (Bankr. S.D.N.Y. 2008)).

The test under 28 U.S.C. § 1452(b) to determine whether to remand "on any equitable ground" is virtually the same as the test for permissive abstention under 28 U.S.C. § 1334(c)(1). *Id.* (noting that once a court has decided to permissively abstain from a removed action, the appropriate resolution is usually remand back to the state court) (*citing Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011) ("the two inquiries are essentially the same and are often analyzed together"); *Whitney Lane Holdings, LLC v. Don Realty, LLC*, No. 08-cv-775, 2010 WL 1257879, at *7 (N.D.N.Y. 2010)).

Here, Ryan's motion to remand the action back to the State Court was timely.[4]  The Court has already determined that permissive abstention under 28 U.S.C. § 1334(c)(1) is warranted in this case. Remand to the State Court is therefore proper, and will assist in the speedy resolution of the Second Motion to Vacate.

## RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

Courts have broad discretion in granting stay relief. *In re Bennett Funding Group, Inc.*, 212 B.R. 206, 211 (2d Cir. 1997) (*citing Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36, 40 (S.D.N.Y. 1993).  The automatic stay may be modified "for cause" pursuant to 11 U.S.C. § 362(d)(1). The movant bears the initial burden of showing "cause." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).  If a sufficient showing is made, the burden shifts to the debtor to demonstrate that there is insufficient "cause" to modify the stay. *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992).  Though "cause" is not defined in the Bankruptcy Code, bankruptcy courts and the legislative history note that "[a] desire to permit an action to proceed to completion in another tribunal may provide…cause." *Id.* at 769 (*quoting* H.R.Rep. No. 595, 95th

---

[4] As noted by Judge Trust in his *Exeter Holding* decision, the 30 day time limit to request remand under 28 U.S.C. § 1447(c) does not apply where, as here, remand is requested on equitable grounds under 28 U.S.C. § 1452(b). *In re Exeter Holding, Ltd.*, No. 11-77954, 2013 WL 1084548, at *8 (Bankr. E.D.N.Y. Mar. 14, 2013).

Cong., 1st Sess. 343–44 (1977), reprinted in 1978, U.S.Cong. & Admin.News 5787, 6300;

S.Rep. 95–989, 95th Cong.2d Sess., 52–3 (1978)).

The Second Circuit has adopted a list of twelve factors (the "*Sonnax* Factors") to

determine whether cause exists to lift the automatic stay to allow a stayed proceeding to continue

in state court. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).  They are:

> (1) whether relief would result in a partial or complete resolution of the issues;
> (2) lack of any connection with or interference with the bankruptcy case; (3)
> whether the other proceeding involves the debtor as a fiduciary; (4) whether a
> specialized tribunal with the necessary expertise has been established to hear
> the cause of action; (5) whether the debtor's insurer has assumed full
> responsibility for defending it; (6) whether the action primarily involves third
> parties; (7) whether litigation in another forum would prejudice the interests
> of other creditors; (8) whether the judgment claim arising from the other
> action is subject to equitable subordination; (9) whether movant's success in
> the other proceeding would result in a judicial lien avoidable by the debtor;
> (10) the interests of judicial economy and the expeditious and economical
> resolution of litigation; (11) whether the parties are ready for trial in the other
> proceeding; and (12) impact of the stay on the parties and the balance of
> harms.

*Id.*  A movant need not satisfy every one of the twelve factors. *In re Mazzeo*, 167 F.3d at 143; *In*

*re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994).  The court should weigh the particular

circumstances of each case to reach the solution that is most just to all parties. *In re Keene Corp.*,

171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

Application of the *Sonnax* Factors to the case at bar weighs in favor of granting relief

from the automatic stay to allow the adjudication of the Second Motion to Vacate in the State

Court.  Lifting the stay for this purpose will result in a resolution of the issues presented by that

motion.  The State Court is more familiar with this matter, and is therefore better situated to

make a determination.  Litigation in the State Court would not prejudice any of the Debtor's

creditors, and in fact would assist in the swift adjudication of the largest claims against the

Debtors' estates.  Thus, Ryan's lift stay motion is granted to the extent necessary to fully litigate

the Debtors' Second Motion to Vacate in the State Court.  The stay is also lifted so that the parties may continue to litigate the Debtors' appeal of the First Motion to Vacate.

<u>CONCLUSION</u>

For the foregoing reasons, Ryan's motion is granted based solely on permissive abstention.  The removed actions are remanded to the State Court, and the stay is lifted to the extent necessary for the parties to continue to prosecute and defend the Second Motion to Vacate, as well as to continue the appeal of the First Motion to Vacate.



**Dated: May 29, 2015**
      **Brooklyn, New York**

_____
      **Nancy Hershey Lord**
**United States Bankruptcy Judge**